Good morning. Good morning, Your Honors. My name is Jason Ivey, and I represent the appellant, Chad Carter. In this matter, there are two issues on appeal. First, did the district court err in dismissing the class action allegations without having first considered Mr. Carter's unconscionability argument challenging the enforceability of that class action waiver? And the second issue is whether it was an abusive discretion for the district court to decline to clarify whether the dismissal of the class action allocations was with or without prejudice following a motion for reconsideration. On the first issue, Your Honors, well, essentially, this case ultimately is about the desire for the district court to consider its unconscionability argument challenging the enforceability of the class action waiver. And if that was the case, whether the dismissal of the class action allegations was with or without prejudice. Okay. So you argue in your briefs that the district court did not consider Mr. Carter's unconscionability argument when it ruled the class action waiver is enforceable, right? But if we can decide the question of unconscionability, does it even matter whether the district court gave due consideration to the argument? In other words, regardless of whether the district court gave due consideration to the unconscionability argument, either the class action waiver is enforceable or it's not. And this panel can decide that question, right? We believe that if the unconscionability argument was considered, that this panel can consider the enforceability on a de novo review. And we believe that if this Court finds that the district court did consider it, that it can, on de novo review, consider whether it is enforceable or not. There's nothing — there's nothing in the record of what the district court did as to whether or not the district judge did or did not consider the enforceability of the contract. Unfortunate? I'm making that as a statement. Unless you disagree with it, I have a question I'm going to ask. And that's the status of the case right now. What she cited in her rule was Buckeye. And we know now, with Justice Scalia's excellent opinion, that he wants arbitration contracts on the same — on the same level as any other contract. So we have Buckeye and we have that case. Now, what the district judge did was, accordingly, plaintiff's complaint is dismissed without prejudice. Without prejudice. The complaint was dismissed without prejudice. Yes. But we were uncertain from the language and following the motion for reconsideration whether the class action allegations were dismissed with or without prejudice. And she said, I've dismissed without prejudice. Now, in the federal court, it's just hand — this is something we deal with all the time — is a jurisdiction issue. And we have no jurisdiction over a case when a judge dismisses without prejudice because the district court still has the case. There's an action underneath every complaint. Until that action is dismissed, we don't have jurisdiction. It seems to me it's just clear as it can be that what the district court did was dismiss without prejudice. That is, you can file your complaint again, but you're going to have to follow, as she pointed out here, Buckeye, and go and get the arbitrator to make the first cut at it. And then you can come back and file again. It seemed to me so clear that I didn't understand why we're here on this case. Now, maybe I'm missing something. I'd be happy to address that, Justice Kagan. Good. I would like to be educated. So we do not dispute that the initial order dismissed the complaint without prejudice and denied us moot, the motion to strike the class allegations, and then stayed the matter pending resolution in arbitration. On a motion for reconsideration, the appellee, Renta Center, wanted to make absolutely certain that Mr. Carter could not assert class claims in arbitration. And so on motion for reconsideration, the district judge said, yes, I'm eliminating the class action allegations. I'm sending this to arbitration on an individual basis only. And because of language such as eliminated the class claims, and even after we asked for clarification, the district judge did not say whether it was with or without prejudice. We were concerned that it was, if it was with prejudice, even if the arbitrator were to find that the agreement is void and therefore unenforceable, we would still be foreclosed from arguing class claims if we went back to the district court. I don't know where the district court said that. I've read the district court's orders. Are you quoting the district court? The word that the district court used was eliminated, referring to class claims. Tell me where that is in the record, please. For purposes of arbitration, yes. And in terms of the jurisdiction, I believe the case law supports the position that even if the complaint or even if the class allegations were dismissed without prejudice only, that because it was sent to arbitration, that it is essentially a final decision. I don't think that, based on the language of the Court's order striking class allegations, that we could refile and assert class claims in another case. Of course you could. She's left it open. It hereby ordered the defendant's motion to compel arbitration is granted. You're going to go to arbitration. It is further ordered the defendant's motion to dismiss is granted. Accordingly, plaintiff's complaint is dismissed without prejudice. That is, I'm keeping the action open. It is further ordered that the defendant's motion to strike is denied as moot. Now, I don't know how the district court could have been, I mean, maybe you wanted to say, and I mean so and so. But I don't know how it could be more clear what she said. And continually, you ask for clarification, and she pointed out, I've said it. And so I've, as a former district judge, I just thought it was pretty clear. And I don't know why we're here. It's going to go to an arbitration. Maybe the arbitrator's going to take it up. Maybe he isn't. But it's clear that under the Scalia case, that it has to be treated. And that's supposed to go to arbitration first. But the arbitration has to be enforced before anybody is going to be harmed. And it would be enforced before this district judge, because the district judge still has the action. So maybe you could explain this to me. I'm just missing something. We were concerned that even though the complaint on its face was dismissed without prejudice, that Mr. Carter would be foreclosed from asserting class claims, not only in arbitration, but also if he went back to the district court, if he were to prevail in his claim, that the contract as a whole and the arbitration agreement is forwarded. Fine. And you'd like to have a ruling at that time. But the district court says, no, I'm not going to rule on that now. You go see the arbitrator first. Then I'll rule on these issues. I am not sure that you can cite a case that tells me the district court has to follow how you want to do it, rather than what the district court wants to do. Where can we say the district judge committed reversible error? I think if we go, we'll step back to the Buckeye decision, which Your Honor mentioned, which says that unless you're challenging the arbitration agreement directly, and if you're challenging the contract as a whole, as void, for example, then that decision has to be decided by the arbitrator. Here, interestingly, the arbitration agreement says that the class action waiver is reserved that a determination of the course- Only the court can decide that. Only the court can decide the forcibility of the class action waiver. So in opposing the motion to strike the class allegations brought by Renda Center, we needed to address that issue first. And so the district court said, initially, I'm denying the request to strike as moot. But then on reconsideration said, no, I'm eliminating the class claims. And we thought, well, if we prevail on our claim in arbitration that the agreement's void, there really is no class action waiver to deal with. And so if it's with prejudice, we're essentially foreclosed from that argument. So really, we want clarification. If it was truly dismissed without prejudice in terms of the class allegations, we will make our pitch to the arbitrator and see how it goes. Can I ask a question? I'm just gonna assume we have jurisdiction on the class waiver issue. How are you getting around Concepcion? So Concepcion, we think that Renda Center is taking too broad of an interpretation of Concepcion. Under Nevada unconscionability law, that's a law of general applicability, which is not on par with the Discover Bank rule that was rejected in Concepcion. Concepcion was concerned with state law rules that were directly adverse to arbitration. They singled out arbitration for special treatment. And that's what the Discover Bank rule did. And this court, in the Chavar decision, found that California unconscionability law was not preempted by the FAA. And Nevada's and California's unconscionability law is very, very similar. And so we think that there is no preemption issue here. It's just, was under Nevada unconscionability law, the class action waiver procedurally and substantively unconscionable? And we believe that it is. So if I understand, you feel home free if you realize that the arbitrator's going to have the first cut at it. Everybody's in agreement with that, it's got to go to arbitration. That the arbitrator may decide the case for you, but either way, the district court is waiting for the arbitration result and would make the ultimate decision on the facts. If the arbitrator were to find that, well, the district judge- You're individually going, you're in the class isn't going to the arbitrator. Right, so there's individual claims right now only. But if the arbitrator were to decide that the arbitration agreement is unenforceable, then there is no class waiver issue. And so we'd have to go back to the district judge and the district judge would say, okay, well, I need to now have to reconsider my opinion or you're foreclosed from arguing it because I previously decided this issue. He didn't stay it, he dismissed, right? So you would have, so the district judge would have to say, okay, you're back, now what, you start the case again, right? Essentially, yes, and so going back to the very beginning, if unconscionability was actually decided, and again, we think it wasn't ruled upon because I think what the district court judge did was accept the defendant's, Renta Center's argument that post-conception, you can never bring a unconscionability challenge to a class action waiver. And we disagree with that. We cited a number of cases which support that unconscionability laws under California and even Nevada is not preempted by the FAA, so we're not foreclosed from that argument. We're bringing a case, a fact-specific argument that this particular class action waiver is procedurally and substantively unconscionable. So if the district court did consider that argument, we think that it should be reversed by this court because it is unconscionable. And then essentially the arbitrator will now decide whether class claims can proceed in arbitration. Well, I've got the argument that you brought it up three times, so the district judge might have decided it. I think bringing it up three times and the district judge doesn't change the opinion. I don't see what the district judge has made any decisions on this case to the merits. I think, again, that the district court didn't look to unconscionability because the district court thought that post-conception, you just can't bring a class action waiver challenge under unconscionability law. And I see that my time has expired. It hasn't. You still have a couple of minutes. I'd like to reserve two for rebuttal, if I may. May it please the court, good morning. I'm Rob Friedman for Appley Rent-A-Center, Inc. And with my co-counsel, Caitlin Burke from Las Vegas. Good morning. Are you going to use all the time or are you sharing time? No, it's just me. Thank you, Your Honor. OK. The district court did everything right. It did everything right under the Federal Arbitration Act. And that is, it enforced the arbitration agreement as written. And it did reject his unconscionability claim. Where? Your Honor, repeatedly. In the original order, in the record on 8, the district court said plaintiff has not met its burden to demonstrate that the agreement is unconscionable. Subsequently, Your Honor, in response to my colleague's motion for reconsideration, the court said, I've reviewed the arguments and the previous orders and I reject them. So the arguments were actually rejected three times. And it's important, Your Honor, that it was quite specific. Contrary to this assertion that the district court did not look at it, the court specifically said, did not demonstrate the agreement is unconscionable. At that time? At that, I'm sorry, Your Honor? Yes. At that time. That the agreement was not unconscionable. But did not close the door because it was dismissed without prejudice. It was dismissed without prejudice, Your Honor. But under the Buckeye Doctrine, under the Renner Center Doctrine, which is the same Renner Center as the Supreme Court, the court sent the challenge to the arbitration agreement itself, to the arbitrator. And under the Buckeye Doctrine, the court sent the challenge to the container agreement to the arbitrator. There's one thing that's real important to clear up, and I think it's perhaps a fallacy that is perhaps why appellants appeal this case. But under the Buckeye Doctrine, a challenge to the container agreement, as compared to the arbitration agreement, goes to the arbitrator. So this case is not coming back with respect to the underlying arbitration agreements. The arbitrator, not the court, is going to decide the issue whether or not someone claims the container agreement, the lease purchase agreement, is void or not. That's going to be decided. This agreement was unique in that it has a delegation clause, which requires that the arbitrator decide challenges to the arbitration agreement. But as my colleague pointed out, as the agreement points out, it has an exception to the delegation clause, which we all agree, that only the court can decide challenges to the class action waiver. That is exactly what the court did. My colleague claims the court didn't do it, and in fact, the court did it three separate times. But as Your Honor pointed out a little bit earlier, even if the court did not do it, under Ninth Circuit precedent, the Curley case and other cases, this court can now decide whether or not the class action waiver is or is not enforceable. And we say the district court already did it. But the class action waiver is absolutely enforceable. And we cited not to out of state cases from state court, what not. We cited to the preeminent cases and to the Federal Arbitration Act, Concepcion, Italian colors. We also cited to Giammaddani. We cited to Uber. And the point of all those cases is this, class action waivers are enforceable. The days of conjuring up, as Justice Scalia said it, these devices of unconscionability to destroy class action waivers are long gone. And Concepcion does control this case because Concepcion reversed the Discover Bank rule from California. But that was a California case. So why does that foreclose Mr. Carter's unconscionability argument? It does not foreclose an unconscionability argument generally. It forecloses his unconscionability argument because it's not a good argument. Specifically, Your Honor, he makes two claims. One, that this was, there was no meaningful choice, procedural unconscionability. Concepcion rejected that concept and noted, as the Ninth Circuit has, that adhesive contracts are what contracts are today. An adhesive contract is not a basis to invalidate an agreement. Importantly as well, Your Honor, and we cited this in our opening brief repeatedly and in the declaration support and in the arbitration agreement itself. This arbitration agreement has an opt-out provision. On the first page and throughout it says, your right to reject. And in our opening brief, we pointed out, appellant did not reject. It's on the front line. It's all in bold. At the end, it says you have the right to reject. Because appellant did not reject, under controlling Ninth Circuit law, there cannot be procedural unconscionability. And those didn't refer to opt-outs with 15 days. I'm not sure they're controlling. Weren't they 30 or 60 days or something or other? Your Honor, I don't know. I know that generally, I don't know that there's a distinction. Let me ask you about that opt-out. You know, I like opt-out provisions. I think they give people choice. Is there a choice here? What happens if you opt-out? If you opt-out, the arbitration agreement goes away. No arbitration agreement. Do you still get to rent the vehicle or whatever? Oh, yeah. Absolutely. Absolutely, Your Honor. So this was a voluntary arbitration agreement. I appreciate your asking the question, Your Honor. And the Ninth Circuit held that if there's an opt-out, there is no procedural unconscionability. Your Honor, that's critical, because without procedural unconscionability, appellant cannot satisfy the unconscionability standard under Nevada law, which is to show both procedural and substantive. And for that matter, Your Honor, opposing counsel, my colleague, can neither show substantive unconscionability either, which goes to the issue of one-sidedness, whatnot. That argument that he made, which is somehow that the class waiver only benefits rent-a-center, was also rejected in Concepcion. And Concepcion pointed out in Discover Bank, one of the issues within the Discover Bank doctrine was, well, the class action waiver favors the business, not the individual. Concepcion rejects that. And Concepcion also notices another issue, and that is there is benefit to both sides. Concepcion, in that matter, Stolt-Nielsen recognized that class actions aren't really good. And in fact, it adds a layer of complexity, length, whatnot. So there is a benefit to both sides that there's a class action waiver. It benefits rent-a-center, the appellee. It also benefits the appellant. It's also critical. My colleague in the briefing says, well, the Concepcion agreement was very consumer friendly. Actually, I don't get that argument, because the plaintiff gets to decide whether he wants to proceed individually or class action. If he thinks it's too complicated, he'll just go individual if he thinks that's his benefit. Your Honor, that's correct. The plaintiff can decide. But the idea of a mutual class action waiver has benefits to both sides, which was recognized in Concepcion. It was also recognized in Stolt-Nielsen. Both cases recognize that bilateral arbitration, not class arbitration, is a good thing. Your Honor, my colleague references the many cases he cites that support his position. They do not support his position. I think it's worthy of noting they cite to a case called Picardy from the Nevada Supreme Court for the proposition that class action waivers are an important public policy, and they need to be enforced. The Picardy case they cite was abrogated in a subsequent case called Tolman v. 8th Judicial District. They also cite to a case called Rodriguez v. AT&T Services, which was the same judge and same counsel. And in that case, the Court, Judge Navarro said, we're not going to enforce a class action waiver. The briefing, however, fails to point out that Judge Navarro reversed that opinion upon motion for reconsideration, recognized the preemptive effect of Concepcion. So, Your Honor, it's important to note that Concepcion is controlling. The other law we cite is controlling as well. And the plaintiffs have not met their burden to show that the class action waiver is unenforceable. I think your discussion is very interesting, but I'm wondering whether it's relevant. I'm looking now at the district judge order, and she's an experienced district judge. Yes. She knows the difference between dismissing a complaint and dismissing an action, because we learned that. That's simple ABC federal jurisdiction. And what she says is, accordingly, plaintiff's complaint is dismissed without prejudice. Says nothing about the action. Unless the action is dismissed, we have no jurisdiction. There's nothing to appeal. And I think it's nice that you had a trip over here from Las Vegas. Dallas. That's even better. And this is all very interesting, but I wonder if it's relevant to the decision if, in fact, you can show me someplace in the record where this has been dismissed with prejudice, or that the court, as they usually do, enters an order dismissing the action, we can't even rule on it. We don't have subject matter jurisdiction. Your Honor, this may be the one area where I agree with my opposing counsel. I think this court does have jurisdiction. And the reason for that is a stay of proceedings is not appealable under the Federal Arbitration Act. A dismissal with or without prejudice is, in fact, appealing. So I do believe we are properly before this court today. Now you cite me a case, if you would please, where the district court dismisses the complaint without prejudice and doesn't say anything about the action, that that case is now over and it can come up to the court. Do you have a case citing you that? I understood what you just told me, but I'm not sure it fits Federal jurisdiction. Your Honor, I would point to the act itself, Section 16 of the FAA, which deals with dismissals. And while I can't, as we sit here, point exactly to a case, I believe in Mohammed v. Uber and I believe in other Ninth Circuit cases that have been before this court, it got to this court based on, or perhaps not Mohammed, because in Mohammed the business lost. But in cases where the appellant, the individual is appealed, I believe in most of those instances there was a dismissal without prejudice. And the Ninth Circuit has ruled, as have I believe all the circuits, that a dismissal without prejudice does fall within the proper grounds for appeal under the Federal Arbitration Act. We have, granted, we have had some rather strange opinions saying that we interpret the district court as granting a dismissal of the action. We have gone that far. I happen to disagree with it. I think you either have jurisdiction or you don't. But in this case, it's clear that that is not what she wants to do. What she wants to do is to hold the case off while it goes to arbitration, have the arbitration come back to her, then send it up to the Ninth Circuit. That's clear to me in the record. So I don't think we can use the fudging cases, which I call them fudging cases, to overcome our jurisdiction. And this is serious because unless it's there, we can't give you an answer. We have no jurisdiction. We have no subject matter. Your Honor, I think what the court did was it sent the attack on the arbitration agreement itself to the arbitrator, as it had to do under Renaissance or West v. Jackson and Buckeye. With respect to the without prejudice, the only way for them to get back to the district court is if the arbitrator determines that the arbitration agreement itself is unenforceable. If the arbitrator determines that the underlying rental purchase agreement, the container agreement, is void, that's decided and that's a case that's going to be before the arbitrator. So I agree, Your Honor, that the court held it open, but only in the very limited hypothetical circumstances where the arbitrator decides that the arbitration agreement is somehow unenforceable. I don't know how they would ever be able to show that in court or otherwise. Well, that's right. That's when it would come back to district court. But she's holding things open, so she can start from there. It seems to me that's what her motive is. Your Honor, she already ruled that the class action waiver was enforceable, and that was solidly before her pursuant to the language of the arbitration agreement. So your position is that they can't revisit that? The only way that would be revisited is if the arbitrator decided the whole arbitration agreement, not the container agreement. If the arbitrator, and I'm not even sure if they ever made that argument, by the way, that it was unenforceable. But if the arbitrator decided that the arbitration agreement was unenforceable, then it would come back. Otherwise, nothing's coming back. The arbitrator, the judge, made the decision that was before her, which is it's for the court to decide whether the class action waiver is enforceable. Judge Navarro said it is enforceable. I'm making that decision. And then I'm sending the rest of it to the arbitrator for disposition by the arbitrator. All right. So your argument is because she decided that the class action waiver was enforceable, that contained within that, while she didn't say it specifically, she said she was ruling on the unconscionability argument of the class action waiver. She was, Your Honor. And in fact, the language we've cited to the court, and in the original order, plaintiff said, the judge said plaintiff has not met its burden to demonstrate that the agreement is unconscionable. Yes, Your Honor. To be very clear, Judge Navarro decided that the class action waiver was not unconscionable and was enforceable. It was their burden to try to show that it was unconscionable, and they failed to meet their burden. What's the page of the record where she made that specific ruling? ER008, Your Honor. Plaintiff has not met its burden to demonstrate that the agreement is unconscionable. Subsequently, Your Honor, in the order on our motion for reconsideration where we asked the court to clarify exactly what it was doing, and the court did clarify, that's ER002. Yeah. I read that one. She said, I already made my decision. There is jurisdiction that it might have to be used if either party fails to carry out the orders of the arbitrator. Then it would have to come back for enforceability. So there is a way that it might be coming back, right? Your Honor, yes. I'm sorry. I may have overstated what I meant. There are certain instances, very limited instances, for example, under Section 5, if we can't agree an arbitrator. But otherwise, with respect to this challenge, it's staying in arbitration. And I think as the court has said, this was dismissed without prejudice. The court said it and said it again. It's crystal clear. Thank you, Your Honors. Your Honors, I've taken a second look at that page of the Order 008, and I don't see the word unconscionability. How I do read the order is saying, having concluded that plaintiff has failed to meet its burden of demonstrating that the arbitration agreement, which is incorporated in the lease purchase agreement, is unenforceable. It doesn't say unconscionable. We think, again, that the district court did not pass on the unconscionability argument, but instead believed that you can no longer challenge class action waivers post-conception. And so we think that Mr. Carter was not heard on that particular argument. In terms of procedural and substantive unconscionability, the court raised the opt-out provision. I would just like to reiterate that in the brief when we pointed that, that argument was not raised at the district court level by Renta Center, and we have therefore closed from arguing that the opt-out provision precludes a finding of contract of adhesion. But to the extent that it is considered, we do believe that a mere 15 days to opt-out does not provide a meaningful opportunity. The Uber decision approved of a 30-day opt-out provision, and that same case cited the Kilgore decision, which approved of a 60-day opt-out provision. We don't think 15 days is enough. And so given the waiver of the argument, and in reality, there were no specific procedural or substantive unconscionability challenges by Renta Center at the district court level. Their only argument was that Concepcion forecloses the challenge to the class action waiver, and we again believe that's incorrect. The O'Brien decision, which is from a district court, disagreed that post-conception you can no longer challenge class action waivers is unconscionable. And there's plenty of case law that says that the FAA does not require enforcement of unconscionable contracts. So with that, Your Honor, we respectfully request that if the district if you find the district court did consider Go off the record. Has the arbitration been held yet? It has not commenced. Hasn't even started. Hasn't even started. Okay.  Thank you, Your Honors. Thank you both for your arguments.
judges: Wallace, Callahan, Restani